UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:19-cr-218-J-20JRK

ROMEO XAVIER LANGHORNE

**GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE PURSUANT
TO THE CLASSIFIED INFORMATION PROCEDURES ACT AND
<u>SUPPORTING MEMORANDUM OF LAW</u>**

The United States of America, by and through the undersigned Assistant

United States Attorney and Trial Attorney, hereby files this Motion for a Pretrial

Conference Pursuant to the Classified Information Procedures Act and Supporting

Memorandum of Law.  Counsel for the United States has conferred with counsel for

defendant, who do not oppose this motion.

I.        <u>PRELIMINARY STATEMENT</u>

The Government respectfully submits this memorandum of law to apprise the

Court of the applicability of the Classified Information Procedures Act, 18 U.S.C.

App. III ("CIPA"), to matters relating to classified information that may arise in

connection with the above-captioned matter, both before and during trial.  In

addition, the Government submits this memorandum of law in support of the

Government's motion for a pretrial conference, pursuant to Section 2 of CIPA, to

consider such matters.

1

As in all cases that may implicate classified information, the Government herein provides the Court with a detailed description of the procedures mandated by the CIPA statute for protecting such classified information.

II.    BACKGROUND

For purposes of CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security.  18 U.S.C. App. III, Section 1(a).  "National security" means the national defense and foreign relations of the United States.  *Id*. at 1(b).

CIPA applies equally to classified testimony and classified documents.  *See United States v. Lee,* 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing *United States v. North,* 708 F. Supp. 399, 399-400 (D.D.C. 1988)); *Kasi v. Angelone,* 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).  CIPA, codified at 18 U.S.C. App. III, is a set of procedures by which federal district courts and magistrate courts rule on pretrial matters concerning the discovery, admissibility and use of classified information in criminal cases.  *United States v. Baptista-Rodriguez,* 17 F.3d 1354, 1363 (11th Cir. 1994).  CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the Government's right to protect classified material in the national interest."  *United States v. Pappas,* 94 F.3d 795, 799 (2d Cir. 1996).  It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial."  *United States v. Apperson,* 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *Central Intelligence Agency v. Sims,* 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States,* 444 U.S. 507, 509 n.3 (1980) (*per curiam*)); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.,* 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis,* 485 F.2d 941, 963 (D.C. Cir. 1973).

## III.    CIPA SECTIONS AND PROCEDURES

### A.    Pretrial Conference

Section 2 of CIPA – the section the Government is invoking in the instant motion – provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III, Section 2. After such a motion is filed, Section 2 states that the district court "shall promptly hold a pretrial conference to establish the timing of

3

requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." *Id.*

Pursuant to CIPA, following such motion, the court shall promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance and admissibility of classified information pursuant to Section 6 of CIPA. *Id.* In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial. *Id.* No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. See S. Rep. No. 96- 823, at 5-6, reprinted in 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.). To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney. 18 U.S.C. App. III, Section 2.

B.     Protective Orders - Section 3

Section 3 of CIPA requires the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the Government to a defendant. *Id.* at Section 3. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," *Pappas,* 94 F.3d at 801, as well

4

as to supplement the district court's authority under Rule 16(d)(1) to issue protective

orders in connection with the discovery process.  In contrast to Rule 16(d)(1)'s

discretionary authority, Section 3 "makes it clear that protective orders are to be

issued, if requested, whenever the government discloses classified information to a

defendant in connection with a prosecution, *e.g. Brady* and Jencks material."  *Id.*

   C.   <u>Protection of Classified Information During Discovery - Section 4</u>

   CIPA neither creates any new right of discovery nor expands the rules

governing the admissibility of evidence.  *United States v. Johnson,* 139 F.3d 1359, 1365

(11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance

of probative evidence").  *See United States v. Dumeisi,* 424 F.3d 566, 578 (7th Cir.

2005) ("CIPA does not create any discovery rights for the defendant."); *United States*

*v. Smith,* 780 F.2d 1102, 1106 (4th Cir. 1985) (*en banc*).  Rather, CIPA applies

preexisting general discovery law in criminal cases to classified information and

restricts discovery of classified information to protect the Government's national

security interests.  *Baptista-Rodriguez,* 17 F.3d at 1363-64; *United States v. Klimavicius-*

*Viloria,* 144 F.3d 1249, 1261 (9th Cir. 1998); *United States v. Yunis,* 867 F.2d 617, 621

(D.C. Cir. 1989).

   Accordingly, CIPA does not "expand the traditional rules of discovery under

which the government is not required to provide criminal defendants with

information that is neither exculpatory nor, in some way, helpful to the defense."

*United States v. Varca,* 896 F.2d 900, 905 (5th Cir. 1990); *accord United States v.*

*McVeigh,* 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the

scope of discovery or of *Brady*").  Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence.  *Baptista-Rodriguez,* 17 F.3d at 1364.

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States.  18 U.S.C. App. III, Section 4; *see also United States v. Rezaq,* 134 F.3d 1121, 1142 (D.C. Cir. 1998); *Yunis,* 867 F. 2d at 619-625.  Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. Fed. R. Crim. P. 16(d)(1).  The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security.  *See* S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Pringle,* 751 F. 2d 419, 427 (1st Cir. 1985).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.  The Court may permit the United States to make a

6

request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. 3, Section 4.

Like Rule 16(d)(1) of the Federal Rules of Criminal Procedure, Section 4 of CIPA provides that the United States may demonstrate that the use of such alternatives is warranted through an *in camera, ex parte* submission to the Court. *Id.*; *see also United States v. Abu-Jihaad,* 630 F.3d 102, 140 (2d Cir. 2010); *United States v. Aref,* 533 F.3d 72, 81 (2d Cir. 2008); *Yunis,* 867 F.2d at 622-23; *United States v. Sarkissian,* 841 F.2d 959, 965 (9th Cir. 1988); *Pringle,* 751 F.2d at 427. CIPA's legislative history makes clear that the Court may take national security interests into account in determining whether to permit discovery to be denied, restricted or deferred. S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300 (1980); *see also Aref,* 533 F.3d at 78-79; *Smith,* 780 F.2d at 1110 (holding that defendant's right to discovery must be balanced against public's interest in nondisclosure); *Pringle,* 751 F.2d at 427.

In essence, Section 4 allows the United States to request that the court review, *ex parte* and *in camera,* classified information to determine whether it is discoverable under Rule 16, *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (1972), or the Jencks Act, 18 U.S.C. § 3500, and to protect such classified information from disclosure through various means if it is discoverable. *See United States v. Libby,* 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by *United States v. Libby,* 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); *see also Klimavicius-*

*Viloria,* 144 F.3d at 1261-62; *Rezaq,* 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25; *Pringle,* 751 F.2d at 427-28; *Kasi,* 200 F. Supp. 2d at 596 n.6.

For example, the Government may request that the Court deny discovery of a classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard. *Libby,* 429 F. Supp. at 48. Alternatively, the Government may file a motion under Section 4 to delete specific classified information from a document that either the Government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document. *Id.* at 47. If the Court determines that the disputed document is not subject to discovery or, if it is, permits deletion or substitution of the classified information, then the entire text of any *ex parte, in camera* pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. III, Section 4; *see also United States v. Aref,* 533 F.3d at 78-79.

D.   Classified Information Possessed by the Defendant with Notice of Defendant's Intent to Disclose and Pretrial Evidentiary Rulings - Sections 5 and 6

Sections 5 and 6 of CIPA apply when a criminal defendant possesses classified information and seeks to disclose such information during the course of a trial or proceeding. *See, e.g., Baptista-Rodriguez,* 17 F.3d at 1363; *Sarkissian,* 841 F.2d at 965-66; *United States v. Collins,* 720 F.2d 1195, 1199 (11th Cir. 1983). There are three critical pretrial steps in the handling of classified information under CIPA after such information has been provided to the defendant through discovery. First, the

8

defendant must specify in detail the precise classified information he or she reasonably expects to disclose at trial.  Second, the Court, upon motion of the Government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed evidence.  Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible.

i.    The Requirement to Provide Notice of Disclosure

A linchpin of CIPA Section 5 is subsection (a), which requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of his or her intention to the Court and the Government.  Section 5(a) expressly requires that such notice "include a brief description of the classified information," and the leading case under Section 5(a) holds that such notice "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." *Collins,* 720 F.2d at 1199-1200; *see also United States v. Giffen,* 473 F.3d 30, 33 (2d Cir. 2006); *Yunis,* 867 F.2d at 623 ("a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused'"); *Smith,* 780 F.2d at 1105.  This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination.  *See, e.g., United States v. Wilson,* 750 F.2d 7 (2d Cir. 1984); *Collins,* 720 F.2d 1195 (11th Cir. 1983).

9

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the Court to preclude disclosure of the classified information. *See United States v. Hashmi,* 621 F.Supp.2d 76, 81 (S.D.N.Y. 2008); *United States v. Badia,* 827 F.2d 1458, 1464-66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5). Similarly, if the defendant attempts to disclose at trial classified information which is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA. *See Smith,* 780 F.2d at 1105 ("defendant is forbidden from disclosing any such information absent the giving of notice"); *see generally North,* 708 F. Supp. 399.

Thus, Section 5 requires the defendant to provide timely written notice to the court and the Government describing any classified information that he reasonably expects to disclose. *See* 18 U.S.C. App. III, Section 5(a). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." *Id.* Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the Government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the Government under Section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. III, Section 5(a).

ii.    The Pre-Trial Hearing on Disclosure

Prior to trial, pursuant to Section 6(a) of CIPA, upon motion of the Government, the Court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. III, Section 6(a).  The statute expressly provides that if the Section 6(a) motion is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." *Id.*

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information which will be at issue.  If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant.  Thus, as Congress recognized in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval." S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4301 (1980).

At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the

11

defense is relevant under Rule 401 of the Federal Rules of Evidence.[1]  *See Giffen*, 473

F.3d at 33; *Smith,* 780 F.2d at 1106; *see generally Yunis,* 867 F.2d at 622.  The Court's

inquiry does not end there, however, because under Rule 402 of the Federal Rules of

Evidence, "[n]ot all relevant evidence is admissible at trial."  *Id.*  The Court must

also determine whether the evidence is cumulative, "prejudicial, confusing, or

misleading," so that it should be excluded under Rule 403 of the Federal Rules of

Evidence.  *Wilson,* 750 F.2d at 9.  At the conclusion of the Section 6(a) hearing, the

Court must state in writing the reasons for its determination as to each item of

classified information.

### iii.    Substitution in Lieu of Disclosure

In the event that the Court rules that one or more items of classified

information are admissible, the United States has the option of proposing a

"substitution" for the classified information at issue, pursuant to Section 6(c) of

CIPA.  18 U.S.C. App. III, Section 6(c).  The United States may move for

permission to provide the defense either a substitute statement admitting relevant

facts that the classified information would tend to prove, or substitute a summary of

the classified information that would otherwise be disclosable.  *See Giffen,* 473 F.3d at

33; *Smith,* 780 F.2d at 1105.  The Court must grant the motion for substitution "if it

---

[1]    CIPA does not change the "generally applicable evidentiary rules of admissibility."  *Wilson,* 750 F.2d at 9; *accord Yunis,* 867 F.2d at 623.  Rather, CIPA alters the timings of rulings concerning admissibility, so as to require them to be made before trial.  *United States v. Poindexter,* 698 F.Supp. 316, 318 (D.D.C. 1988); *accord United States v. Smith,* 780 F.2d at 1106.

12

finds that the admission or summary will leave the defendant in substantially the same position as would disclosure." *United States v. North,* 910 F.2d 843, 899 (D.C. Cir. 1990).

If the Court determines that the item of classified information at issue is relevant and admissible and denies the Government's motion for substitution, Section 6(e)(1) of CIPA permits the Government to object to the classified information's disclosure.  18 U.S.C. App. III, Section 6(e)(1).  In such cases, the Court "shall order that the defendant not disclose or cause the disclosure of such information."  *Id.*  Section 6(e) then sets forth a sliding scale of remedies that the Court may impose in such a case.  *Id.* at 6(e).

If, after an in camera hearing, the court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. *Id.* at 6(d).

If the court denies the Government's motion for substitution under Section 6(c), CIPA permits the Government by affidavit from the Attorney General to object to the disclosure of the classified information at issue.  *Id.* at 6(e)(1).  Upon filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," *Id.,* and may impose a sanction against the Government to compensate for the defendant's inability to present proof of the specific item of classified information.  *See* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3.  Section 6(e)(2) provides a sliding scale of possible

13

sanctions, which include dismissal of specific counts, finding against the Government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. 18 U.S.C. App. III, Section 6(e)(2). An order imposing a sanction shall not take effect until the Government has the opportunity to appeal the order under Section 7 and thereafter to withdraw its objection to the disclosure of the information. *Id.*

Whenever the court rules classified information admissible pursuant to a Section 6(a) hearing, the court is instructed to require the Government, "unless the interests of fairness do not so require," to provide the defendant with the information it expects to use to rebut the classified information. *Id.* at Section 6(f). The Court may place the United States under a continuing duty to disclose rebuttal information. *Id.* If the Government fails to comply, the court may exclude the rebuttal evidence and prohibit the examination by the United States of any witness with respect to such information. *Id.*

E.      Other Relevant CIPA Procedures

        i.      Interlocutory Appeal - Section 7

Section 7 permits the United States to take an interlocutory, expedited appeal to the appellate court if the district court (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. *Id.* at Section 7. If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is

14

resolved. *Id.* Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. *Id.* at Section 7(b).

ii.    Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding - Section 8

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified. See S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

In order to prevent "unnecessary disclosure" of classified information, Section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording or photograph. Alternatively, the Court may order into evidence the entire writing, recording or photograph with all or part of the classified information contained therein excised. Excision of such classified information may not be authorized, however, if fairness requires that the whole document, recording or photograph be considered.

Last, Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information. *Id.* at 11;

15

1980 U.S.C.C.A.N. at 4304.  Specifically, under Section 8(c), the Government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.  18 U.S.C. App. III, Section 8(c).  Following an objection, the court shall take suitable action to determine whether the response is admissible "as will safeguard against the compromise of any classified information."  *Id.*  In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-05.

        iii.     Security Procedures – Section 9

Section 9 requires the Chief Justice of the United States, in consultation with executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure.  18 U.S.C. App. III, Section 9(a).  The Security Procedures established by former Chief Justice Burger pursuant to this provision will be discussed in the Government's Motion For a Protective Order Pursuant to Section 3 of CIPA.  The security procedures themselves are codified directly following Section 9 of CIPA.

        iv.     Coordination Requirement – Section 9A

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status

16

of a prosecution involving classified information to a senior official of the agency in which the classified information originated.  *Id.* at Section 9A(a).

> v.    Identification of Information Related to National Defense - Section 10

This section applies in espionage or criminal prosecutions in which the Government must prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information.  See S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305.  In such a circumstance, Section 10 requires the Government to inform the defendant of which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime.  18 U.S.C. App. III, Section 10.

> vi.    Miscellaneous Provisions - Sections 11-15

The remaining sections of CIPA contain various housekeeping provisions. Section 11 provides for amendments to Sections 1 through 10 of CIPA.  Section 12 requires the Attorney General to issue guidelines regarding the exercise of prosecutorial discretion over cases in which classified information may be revealed and requires preparation of written findings when prosecution of such cases is declined.  Section 13 requires the Attorney General periodically to report such declination decisions to Congress and, where necessary, to report on the operation and effectiveness of CIPA.  Section 14 identifies the senior officials to whom the functions and duties of the Attorney General under CIPA may be delegated.  Last, Section 15 provides the effective date of CIPA.

IV.   DISCUSSION

In the instant case, classified material exists that could be the subject of the CIPA procedures previously outlined as well as other applicable rules, statutes and/or case law.  The disclosure of such material would raise issues of national security that the Court should address before the material is provided to the defense. While CIPA has generally been outlined above, the Government notes for the Court that some, indeed many, of the aforementioned CIPA Sections may not be invoked or need to be addressed in this case.  Further, dependent upon future events and potential pre-trial resolutions and proceedings, there may not be a need for hearings pursuant to various CIPA Sections.

The defendant, Romeo LANGHORNE, has been charged in a single-count indictment with attempting to provide material support to the Islamic State of Iraq and al-Sham ("ISIS") a designed foreign terrorist organization, in violation of 18 U.S.C. § 2339B.  The United States anticipates that issues relating to classified information may arise in connection with this case.  Accordingly, the United States respectfully moves for a pretrial conference pursuant to Section 2 of CIPA to establish a discovery and motion schedule relating to any classified information. Prior to the conference, the Government will endeavor to identify all possible classified material and determine its potential applicability, nature, and volume.  At the Section 2 pretrial conference, the Government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information.  Based on that estimate, the Government will request a schedule for the

filing of motions, pursuant to Sections 3 and 4 of CIPA, relating to the deletion, substitution and/or disclosure pursuant to a protective order of classified information otherwise subject to discovery under the Federal Rules of Criminal Procedure. *Id.* at 4.

Finally, pursuant to Section 4 of CIPA, the Government will request that the Court authorize an *in camera*, *ex parte* submission regarding classified materials that the government believes should be subject to deletion, substitution or disclosure pursuant to a protective order. *Id.* Courts have consistently held that such submissions are proper. *See, e.g., United States v. Mejia,* 448 F.3d 436, 455 (D.C. Cir. 2006); *United States v. Gurolla,* 333 F.3d 944, 951 (9th Cir. 2003).

V.      CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court schedule a conference to establish a discovery and motion schedule relating to any classified information, pursuant to Section 2 of CIPA.[2]

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney


By:     s/ *Laura Cofer Taylor*
        LAURA COFER TAYLOR
        Assistant United States Attorney
        USA No. 170
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone:   (904) 301-6300
        Facsimile:    (904) 301-6310
        E-mail: Laura.C.Taylor@usdoj.gov


By:     s/ *David Andrew Sigler*
        DAVID ANDREW SIGLER
        Alabama Bar No. ASB-5175-I72D
        Trial Attorney, Counterterrorism Section
        National Security Division
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530
        Telephone: 202-514-0849
        Email: andrew.sigler@usdoj.gov

---

[2]     It is respectfully submitted that advance notice of tentative hearing dates would greatly assist the prosecution team, ensuring that co-counsel Sigler, who is based in Washington, D.C., may appear in person to address all CIPA issues in this case.

**U.S. v. ROMEO XAVIER LANGHORNE**          **Case No. 3:19-cr-218-J-20JRK**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2019, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Lisa Call, Esq.
Maurice C. Grant, Esq.

_s/ Laura Cofer Taylor_
LAURA COFER TAYLOR
Assistant United States Attorney

1