UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO. 3:19-cr-218-J-20JRK

ROMEO XAVIER LANGHORNE

**GOVERNMENT'S MOTION FOR
MENTAL EXAMINATION FOR COMPETENCY**

The United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorney, requests this Court to order the defendant to submit to an examination (and thereafter convene a hearing) to determine the defendant's mental competency to understand the nature and consequences of the proceedings against him and to assist properly in his defense, pursuant to Title 18, United States Code, Sections 4241 and 4247.

Out of an abundance of caution, the United States seeks such relief in light of facts that possibly bear on the defendant's fitness to stand trial.   Specifically, at his detention hearing in Roanoke, Virginia, on November 22, 2019, defendant's mother, Virginia Langhorne, testified on his behalf.   Ms. Langhorne verified that she was the author of a letter that had been faxed on November 18, 2019, to a local news channel in Roanoke.   The letter is attached hereto as Exhibit A.   In her letter, Ms. Langhorne wrote that defendant "has mental disorders and has had all his life he has paranoid schizophrenia, Depression and imparments that substantially Limits him."   Ex. A at 1.   Ms. Langhorne further stated that "[h]e has been on disabity

1

most all his life" and that defendant "was in Special Education" and "[h]ad an IEP [Individual Education Plan]." *Id.* at 2   Ms. Langhorne also stated that her son, the defendant, had received counseling and "[i]s fine when hes on his medication but he has been off meds for at least 2 years and just as people with dementia or Altimers you can't think or function clearly." *Id.* at 2-3.   In her testimony at the detention hearing, Ms. Langhorne generally confirmed the contents of the letter, and clarified that defendant had been taking his medications for ADHD, but not for his other diagnoses.   Ms. Langhorne also testified that defendant had been hospitalized at some point in order to be stabilized on medication, that he was schizophrenic, had a personality disorder and psychosis, and that she had noticed he had a mental health problem when the defendant was age 7.   Ms. Langhorne stated that the defendant has been receiving social security disability since the age of 7.

At the detention hearing, defendant's counsel proffered that mental health rehabilitation specialist witnesses, who had been summonsed by the defense and then excused, would have testified that defendant suffers from delusional thinking and paranoia, and that he requires more services than the witnesses could have provided. *See also* Detention Hearing Minutes, Doc. 8 at 5.

At the conclusion of the detention hearing, defendant was ordered detained pending trial, in part as a result of his mental health issues and failure to take medication, which the court found "very concerning." *Id.*; Order of Detention, Doc. 12 at 3

2

Upon arriving in Jacksonville, defendant was brought before this Court on December 11, 2019, for his initial hearing.   At that hearing, defendant described himself as "very efficient at therapy" and stated that he had a "pretty long history of mental illness" and suffered "a smorgasbord of things," including paranoid schizophrenia, antisocial personality disorder, depression, and ADHD.   The defendant also stated that he understood where he was and the importance of the proceedings.

On December 18, 2019, at defendant's arraignment hearing, he generally confirmed his previous statements about his mental health history, but stated he could not elaborate on the details without reviewing his records.   At that hearing, the United States moved for a competency evaluation.   The Court granted the undersigned until December 27, 2019, to file a written motion setting forth the basis for the request.   Doc. 18.   This motion follows.

### Memorandum of Law

Title 18, United States Code, Section 4241(a) provides that if there is reasonable cause to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" then the court shall hold a hearing to determine the mental competency of the defendant.   Prior to convening such a hearing, "the court may order that a psychiatric or psychological examination of the defendant be

conducted, and that a psychiatric or psychological report be filed with the court.   18 U.S.C. § 4241(b).

Based on defendant's self-reported condition, as corroborated by his mother and the proffer from his attorney, there exists reasonable cause to believe that he may presently be suffering from a mental disease or defect that renders him incompetent to understand the nature and consequences of the proceeding against him and to assist counsel.   The United States is desirous of resolving any competence issues as expeditiously as possible.

The undersigned has conferred with counsel for the defendant, who advise that the defendant opposes this motion.

WHEREFORE, the United States requests that the Court order the defendant to submit to an examination to determine his competency to stand trial.   The United States leaves to the discretion of the Court the determination of whether a local evaluation is sufficient, or whether a 30-day evaluation is prudent in these

circumstances.   Should the Court order a local examination, the United States requests that Dr. Jason Demery be appointed to conduct the examination.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:   s/ *Laura Cofer Taylor*
      LAURA COFER TAYLOR
      Assistant United States Attorney
      USA No. 170
      300 N. Hogan Street, Suite 700
      Jacksonville, Florida 32202
      Telephone:   (904) 301-6300
      Facsimile:    (904) 301-6310
      E-mail: Laura.C.Taylor@usdoj.gov

By:   *s/ David Andrew Sigler*
      DAVID ANDREW SIGLER
      Alabama Bar No. ASB-5175-I72D
      Trial Attorney, Counterterrorism Section
      National Security Division
      U.S. Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, D.C. 20530
      Telephone: 202-514-0849
      Email: andrew.sigler@usdoj.gov

**U.S. v. ROMEO XAVIER LANGHORNE    Case No. 3:19-cr-218-J-20JRK**

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Lisa Call, Esq.
> Maurice C. Grant, Esq.

> *s/ Laura Cofer Taylor*
> LAURA COFER TAYLOR
> Assistant United States Attorney