UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO.  3:19-cr-218-HES-JRK

ROMEO XAVIER LANGHORNE

**UNITED STATES' UNOPPOSED MOTION FOR
ENTRY OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America moves this Court, pursuant to 18 U.S.C.

§ 981(a)(1)(G) and 28 US.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2) and (4), to

enter a Preliminary Order of Forfeiture as to a Samsung Galaxy S9, Model

SMG96OU, Serial Number R38K90B3VAY (cell phone).  In support thereof, the

United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

1.      **Statement of Facts**

A.      **Allegations Against the Defendant**

1.      On December 5, 2019, the defendant was charged in a one-count

Indictment with attempting to provide material support and resources to a designated

foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1).  Doc.  10.

**2.**      The Indictment contained forfeiture allegations which put the defendant

on notice that, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), the

United States would seek all assets, foreign and domestic.  *Id.* at 2.

### B.    Finding of Guilt and Admissions of Fact

3.    On May 13, 2021, the defendant pleaded guilty to Count One.  Docs. 90, 91.  On May 19, 2021, the Court accepted the defendant's plea and adjudicated him guilty.  Doc. 94.  The defendant's sentencing is currently set for December 1, 2021.  Doc. 98.

4.    In the Factual Basis of the Plea Agreement, Doc. 90 at 15-24, the defendant admitted, among other things, that he pledged his allegiance to the Islamic State of Iraq and al-Sham (ISIS) and was are that ISIS was a designated Foreign Terrorist Organization and engaged in acts of terrorism. In December 2018 and January 2019, the defendant participated in multiple online chat rooms in which he discussed his support for ISIS with like-minded individuals.

In February 2019, the defendant began exchanging messages with an undercover employee (UCE) with the Federal Bureau of Investigation, who had been described to the defendant as being a member of ISIS.  The defendant expressed an interest in creating a video that would improve on existing videos demonstrating the making and use triacetone triperoxide ("TATP), an explosive material that can be made using readily available ingredients and has been used in multiple terrorist attacks.  The UCE provided versions of the TATP video produced by the FBI to the defendant, which the defendant distributed by uploading it to the internet.

The defendant's phone was seized from him at the time of his arrest and was searched pursuant to a federal search warrant.  Stored on the cell phone were 287 ISIS or other Islamic extremist propaganda videos as well as the TATF videos that

the UCE had sent to the defendant.  The phone also was logged into the account that the defendant had used on the secure messaging platform to communicate with the UCE and contained some of the messages exchanged between them.

5.      In paragraph 6 of his Plea Agreement, the defendant agreed to forfeit immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture.  *Id.* at 3.

6.      Further, the defendant agreed and consented to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  *Id* at 4.

7.      Pursuant to Rule 32.2(b)(4)(A), the defendant agreed in his Plea Agreement that the order of forfeiture would be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.  *Id*.

## II.    Applicable Law

### A.    Forfeiture Authority

The forfeiture of assets used in the commission of violations of 18 U.S.C. § 2339B(a)(1) is governed by 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c). Specifically, 18 U.S.C. § 981(a)(1)(G)(iii) provides that the United States may forfeit all assets, foreign or domestic derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property.

### B.    Court's Determination of Forfeiture

Rule 32.2, Fed. R. Crim. P., governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture.  Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute.  Fed. R. Crim. P. 32.2(b)(1)(A).

Rule 32.2(b)(1)(B) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crimes.  Fed. R. Crim. P. 32.2(b)(1).  The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable.  Fed. R. Crim. P. 32.2(b)(1)(B).  As was established in the plea agreement, the defendant admitted that the cell phone contained ISIS or other Islamic extremist propaganda videos as well as the TATP video that the UCE had sent to the defendant, and that he used the cell phone to communicate with the UCE and contained some of the messages exchanged between them.  Since the cell phone was used to commit the violation charged in Count One, it is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

If the Court finds that the United States has established the requisite nexus between the property sought for forfeiture and the violations charged in Count One of the Indictment, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting to the United States all right, title and interest of the defendant

in the cell phone, in accordance with 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2) and (4).

### III.   **Conclusion**

For the reasons stated above, the United States requests that the Court enter a Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. § 853(n), forfeiting all right, title and interest of the defendant in the cell phone to the United States.

The United States further requests that in accordance with his Plea Agreement, the order of forfeiture become final as to the defendant at the time it is entered.  Doc. 90 at 4.

Upon issuance of the Preliminary Order of Forfeiture, the government will provide written notice to all third parties known to have an alleged legal interest in the cell phone and will publish notice on the internet at www.forfeiture.gov. Determining whether a third party has an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally announcing the sentence and include the forfeiture order in the judgment.  *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy,* 201 F.3d 1324, 1326 (11th Cir. 2000).

Because the Preliminary Order of Forfeiture forfeits only the defendant's interest in the cell phone, the United States further requests that the Court retain jurisdiction to address any third party claim that may be filed in these proceedings,

and to enter any further order necessary for the forfeiture and disposition of such

property.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By:   *s/ Mai Tran*
MAI TRAN
Assistant United States Attorney
Florida Bar No. 100982
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: mai.tran2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/ Mai Tran*

MAI TRAN

Assistant United States Attorney
