UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:19-cr-218-HES-LLL

ROMEO XAVIER LANGHORNE

**JOINT MOTION FOR
MENTAL EXAMINATION FOR COMPETENCY**

The United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorney, and joined by defendant's counsel, request this Court to order the defendant to submit to an examination (and thereafter convene a hearing) to determine the defendant's mental competency to understand the nature and consequences of the proceedings against him and to assist properly in his defense, pursuant to Title 18, United States Code, Sections 4241 and 4247.

Counsel for the defendant and for the United States concur that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent, as that term is defined under Section 4241(a).

**Memorandum of Law**

Title 18, United States Code, Section 4241(a) provides that if there is reasonable cause to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or

1

to assist properly in his defense" then the court shall hold a hearing to determine the mental competency of the defendant.   Prior to convening such a hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court.   18 U.S.C. § 4241(b).

Previously, this Court ordered a competency examination of defendant, which was conducted by Dr. Jason A. Demery, whose findings regarding competency were summarized in a report dated February 24, 2020.   Doc. 47-1.   The parties stipulated to Dr. Demery's report, and this Court found defendant competent.   Docs. 47, 48. In his report, Dr. Demery opined that defendant was competent, but recommended that "his mental status should be monitored as it is possible that he could psychologically decompensate without proper treatment and his competency to proceed may become compromised in the future."   Doc. 47-1 at 5.   Given the stage of this case, and the upcoming sentencing date, the parties concur that a renewed examination to ensure that defendant remains competent is warranted.

WHEREFORE, the United States and defendant jointly request that the Court order the defendant to submit to an examination to determine his competency to proceed in this matter.   The parties further request that Dr. William Meadows be

appointed to conduct the examination on May 26, 2022.   The parties further request

that this Court thereafter convene a hearing on the matter of competency.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    s/ *Laura Cofer Taylor*
LAURA COFER TAYLOR
Assistant United States Attorney
USA No. 170
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:    (904) 301-6310
E-mail: Laura.C.Taylor@usdoj.gov

By:    s/ *David Andrew Sigler*
DAVID ANDREW SIGLER
Alabama Bar No. ASB-5175-I72D
Trial Attorney, Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Telephone: 202-514-0849
Email: andrew.sigler@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Leombruno, Esq.

*s/ Laura Cofer Taylor*
LAURA COFER TAYLOR
Assistant United States Attorney